No. 89,106

In the Matter of VICTOR S. NELSON, *Respondent*.

(91 P.3d 1146)

In *In re Nelson*, 275 Kan. 377, 64 P.3d 413 (2003), this court placed Victor S. Nelson, an attorney admitted to the practice of law in Kansas, on supervised probation for 2 years with specified conditions. This court ordered that if respondent failed to abide by those conditions, a show cause order would issue and this court would take whatever disciplinary action it deems just and proper, including disbarment, without further formal proceedings. It was further ordered that the respondent shall not violate any Kansas Rules of Professional Conduct.

On March 10, 2004, this court issued an order to Victor S. Nelson directing that he appear in person before this court on May 13, 2004, at 9 a.m. to show cause, if any he may have, why his supervised probation should not be revoked and that he be suspended from the practice of law.

The show cause order was issued as a result of a motion filed by the office of the Disciplinary Administrator. The motion alleged that respondent committed violations of the terms and conditions of his supervised probation and that a hearing panel found clear and convincing evidence of violations of the Kansas Rules of Professional Conduct and Supreme Court Rules. In addition, the review committee has found probable cause for two additional complaints that will be set for hearing before a panel. Respondent's conduct arises out of the practice of law and there are numerous allegations of injury to clients, as well as a failure by respondent to cooperate in the investigation of the complaints, in violation of Supreme Court Rule 207(b) (2003 Kan. Ct. R. Annot. 250).

On May 13, 2004, respondent appeared pro se before this court. He responded to the show cause order. One of the conditions of respondent's probation was that he "shall immediately obtain professional liability insurance." Respondent acknowledged that he has not obtained such insurance coverage.

On March 8, 2004, a hearing panel rendered its final report, finding respondent violated KRPC 1.3 (2003 Kan. Ct. R. Annot. 336), 1.4 (2003 Kan. Ct. R. Annot. 349), 1.5 (2003 Kan. Ct. R. Annot. 362), 1.7 (2003 Kan. Ct. R. Annot. 372), 8.1 (2003 Kan. Ct. R. Annot. 459), 8.4 (2003 Kan. Ct. R. Annot. 464), and Supreme Court Rules 207(b) and 211(b) (2003 Kan. Ct. R. Annot. 264). The panel further found respondent violated the terms of his probation by violating KRPC 8.1 and Kansas Supreme Court Rule 207(b) and by failing to obtain liability insurance.

The panel noted that the respondent suffers from depression and attention deficit disorder which has contributed to his misconduct. The panel was concerned that respondent did not have his mental problems under control.

A majority of the panel recommends that the respondent be suspended from the practice of law for a period of 2 years, be subject to reinstatement pursuant to Rule 219 (2003 Kan. Ct. R. Annot. 296), be required to show he has undergone appropriate mental health treatment, and that he can handle the stress of the active practice of law. The third member of the panel recommended that respondent should be indefinitely suspended, stating:

"Based upon my participation on the hearing panel in the previous disciplinary case regarding Respondent and the length of time that has passed since the difficulties that led to that case began, I believe that it will take Respondent three or more years to receive the necessary mental health treatment to be in a position to safely return to the active practice of law. Respondent has been undergoing mental health treatment for a period in excess of three (3) years, yet continues to have the same kind of difficulties even now. I have wanted to believe that the Respondent's mental health condition can and will improve to the point that he can safely practice law. . . . Unfortunately, the Respondent has not improved to the point that had been hoped for as evidenced by the facts of this case. In my opinion a two-year suspension will not provide the protection that the public needs."

After due consideration of the argument of the Disciplinary Administrator, responses of respondent to the order to show cause, and the panel's final report dated March 8, 2004, this court finds that respondent has failed to abide by the conditions of his probation or show cause why this court should not revoke his supervised probation and impose appropriate discipline.

IT IS THEREFORE ORDERED that respondent's supervised probation be revoked and that Victor S. Nelson be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective the date of this order.

IT IS FURTHER ORDERED that Victor S. Nelson shall comply with Supreme Court Rule 218 (2003 Kan. Ct. R. Annot. 286), that he shall pay the costs of this action, and that this order be published in the official Kansas Reports.

DATED this 28th day of May, 2004.